# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL HANKINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 14-11702-FDS |
| ) | |
| JEFF GRONDOLSKY, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On April 7, 2014, petitioner Daniel Hankinson, a federal prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.

Hankinson challenges his 2007 sentence in the Western District of Michigan for possession of 100 or more grams of heroin with intent to distribute and conspiracy to possess and distribute heroin. *See United States v. Hankinson*, 05-cr-163-27 (W.D. Mich.). Specifically, he contends that he should not have been classified as a career offender. A summary of Hankinson's litigation history has been set forth by other courts and need not be recited in full here. *See Hankinson v. United States*, C.A. No. 10-344 (W.D. Mich. Oct. 5, 2011) (order denying § 2255 motion); and *United States v Hankinson*, No. 07-1791 (6th Cir. Jan. 14, 2009) (affirming district court judgment).

**I.    Background**

Hankinson alleges that his classification as a career offender was improperly based in

part on a 1991 South Carolina conviction for possession of crack cocaine with intent to distribute. He alleges that he was resentenced in that South Carolina proceeding to a six-year prison term, "which was unavailable to a person convicted of possession with intent to distribute crack cocaine." Pet., ¶ 14. With his petition, Hankinson has submitted an affidavit of his state appellate counsel explaining that Hankinson was resentenced and that, due to the age of the case, a transcript of the sentencing hearing is unavailable. Although counsel is without independent recollection, he opines in the affidavit that Hankinson was resentenced to a reduced charge, possibly possession, in order to obtain a six-year sentence. If the South Carolina 1991 conviction is deemed to be a simple-possession conviction, Hankinson contends he would not have been classified as a career offender.

As Hankinson's litigation history shows, he has made multiple efforts to obtain post-conviction relief. Now he seeks to assert yet another challenge to his sentence, this time through a § 2241 habeas petition in the District of Massachusetts. The district court has the power to issue a writ pursuant to § 2241 if a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241. However, the proper vehicle for a collateral challenge to a sentence is through a motion filed under 28 U.S.C. § 2255 with the sentencing court. Hankinson seeks to circumvent those restrictions by invoking the "savings clause" of § 2255 to permit him to proceed with a collateral attack under § 2241, on the ground that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. For the reasons set forth below, that effort is misplaced, and the petition will be dismissed.

**II.     Analysis**

Hankinson's petition has not been served pending the statutory screening process. *See* 28 U.S.C. § 2243 (if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court need not order the respondent "to

2

show cause why the writ [of habeas corpus] should not be granted").

"Under 28 U.S.C. § 2255, a defendant may seek post-conviction relief from his sentence in four instances: '(1) if the sentence was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack.'" *United States v. Duval,* 957 F. Supp. 2d 100, 105-06 (D. Mass. 2013) (quoting *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (additional citations omitted)).

Generally, a collateral challenge to the length of the sentence should be raised in a habeas petition brought before the sentencing court pursuant to 28 U.S.C. § 2255. *See, e.g., Raimondoray v. Grondolsky*, Civ. A. No. 11-12268-GAO, 2012 WL 3202892, *4 at n.9 (D. Mass. Aug. 2, 2012) ("To the extent that [the defendant] challenges the legality of his sentence, i.e. that he received an improper sentence enhancement. . . , such challenge must be brought in the sentencing jurisdiction. *See* 28 U.S.C. § 2255; *United States v. Barrett*, 178 F.3d 34, 51 (1st Cir. 1999); *Gonzalez v. United States*, 150 F. Supp. 2d 236, 241 (D. Mass. 2001) (citing *Jiminian v. Nash*, 245 F.3d 144, 147–48 (2d Cir. 2001))." That includes a challenge to a federal sentence on the basis that a state court has vacated a conviction used to enhance a federal sentence. *See Mateo v. United States*, 398 F.3d 126, 133-34 & n.6 (1st Cir. 2005) (citing *United States v. Pettiford*, 101 F.3d 199 (1st Cir. 1996) (additional citations omitted)).

Under 28 U.S.C. § 2244(b)(3)(A), a prisoner must obtain permission from a court of appeals to proceed with a second or successive habeas petition under § 2255. *See Pratt v. United States*, 129 F.3d 54, 56 (1st Cir. 1997) (citing 28 U.S.C. § 2244(b)(3)(A), as incorporated in 28 U.S.C. § 2255). Thus, Hankinson should have raised (and did raise) the issue of the effect of his resentencing in the South Carolina action in his appeal to the Sixth Circuit Court of Appeals and his § 2255 motion before the District Court in Michigan. This Court does not have jurisdiction

3

to hear a petition under § 2255 concerning a sentence imposed in a different district. *Barrett*, 178 F.3d at 50 n.10 (a petition under § 2255 must be brought in the sentencing court).

Hankinson seeks to circumvent that rule by invoking the savings clause in § 2255 and filing a petition under 28 U.S.C. § 2241, which is properly brought in the district court with jurisdiction over the prisoner in confinement. *See id.*[1] The savings clause under § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Unless Hankinson can demonstrate that his remedy under § 2255 would be inadequate or ineffective to test the legality of his detention under the "savings clause" of § 2255, the petition must be denied for lack of jurisdiction.

A petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA "second or successive" requirements. *Barrett*, 178 F.3d at 50. Recourse to the savings clause has only been permitted in "rare and exceptional circumstances, such as those in which strict adherence to [the statute's] gatekeeping provisions would result in a 'complete miscarriage of justice[.]'" *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (quoting *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

"Actual innocence of the offense may be shown to satisfy the fundamental miscarriage of justice standard." *Duval,* 957 F. Supp. 2d at 113 (addressing whether there has been a

---

[1] Hankinson was confined at FMC Devens when this petition was filed.

4

miscarriage of justice excusing procedural default where, due to intervening law, a predicate offense is no longer considered a violent felony). To try to fit his claim within that rubric, Hankinson contends that he is "innocent" of the classification being a career offender.

Hankinson presented similar, if not the identical, arguments to the District Court in Michigan and the Sixth Circuit. He has had the opportunity to have the sentencing court address the effect, if any, of his South Carolina conviction. Although Hankinson has presented an affidavit from his South Carolina post-conviction counsel, he has not asserted new facts from which this Court reasonably could conclude that § 2255 is an inadequate or ineffective remedy to test the legality of his detention. This is not a situation where Hankinson's "sentence was enhanced without a valid 'factual basis,' yet he remains incarcerated pursuant to that sentence." *Goldman v. Winn*, 565 F. Supp. 2d 200, 210 (D. Mass. 2008) (quoting *Dretke v. Haley*, 541 U.S. 386, 397 (2004) (Stevens, J., dissenting on other grounds)). As noted by both the Sixth Circuit and the District Court in Michigan, the South Carolina records do not support a finding that he pleaded guilty to a lesser offense. Therefore, failing to adjust Hankinson's sentence does not raise the specter of a miscarriage of justice and he cannot proceed with the challenge to his sentence under 28 U.S.C. § 2241.

In short, this Court lacks jurisdiction to entertain the petition. *See Heredia v. Grondolsky*, 2012 WL 5932061 (D. Mass. 2012). Because the Court does not have jurisdiction over the petition, it must either dismiss it or transfer it to the appropriate Court of Appeals. *See Pratt*, 129 F.3d at 57 ("a district court, faced with an unapproved second or successive habeas petition, must either dismiss it, or transfer it to the appropriate court of appeals" (internal citations omitted)). The Sixth Circuit already rejected Hankinson's claim that his resentencing for the South Carolina conviction does not constitute a qualifying predicate offense under the career-offender guideline. Therefore, there is no reason to transfer this action.

## IV. Conclusion

Based on the foregoing, it is hereby Ordered that Hankinson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED. This action is hereby DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: October 8, 2014                United States District Judge